ANDREW K. GORDON (SBN 99714)
akgordon@duanemorris.com
ALLEGRA A. JONES (SBN 236518)
aajones@duanemorris.com
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2000
San Francisco, CA  94105-1104
Telephone:    415.957.3000
Facsimile:     415.957.3001

DAVID L. SWIDER (Admitted *Pro Hac Vice*)
dswider@boselaw.com
SANDRA PERRY (Admitted *Pro Hac Vice*)
sperry@boselaw.com
**BOSE MCKINNEY & EVANS, LLP**
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204
Telephone:    317.684.5000
Facsimile:     317.684.5173

Attorneys for Plaintiff and Counter-Defendant
CORNERSTONE INDUSTRIES CORPORATION
and Counter-Defendant DAN HESS

C. RUSSELL GEORGESON (SBN 53589)
GRGDANELAW@aol.com
RICHARD A. BELARDINELLI (SBN 065168)
**GEORGESON AND BELARDINELLI**
Attorneys at Law
The Atrium Building
1111 West Hernon Avenue, Suite 217
Fresno, CA  93720
Telephone:    559.447.8800
Facsimile:     559.447.0747

Attorneys for Defendants BYRON COOPER,
IRONCLAD INDUSTRIES, INC. dba IRONCLAD
INDUSTRIAL COATINGS, and DOES 1 through 20,
Inclusive

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNERSTONE INDUSTRIES CORP., <br><br>    Plaintiff, <br><br>   v. <br><br>BYRON COOPER, IRONCLAD INDUSTRIES, INC. dba IRONCLAD INDUSTRIAL COATINGS, and DOES 1 through 20, Inclusive <br><br>    Defendants. | Case No.: 1:06 CV-00608-OWW-SMS <br><br> Assigned for all purposes to the Honorable Oliver W. Wanger <br><br> **STIPULATED PROTECTIVE ORDER** |

PDF created with pdfFactory trial version www.pdffactory.com

BYRON COOPER, IRONCLAD INDUSTRIES, INC. dba IRONCLAD INDUSTRIAL COATINGS, and DOES 1 through 20, Inclusive

Counter-Claimant,

v.

CORNERSTONE INDUSTRIES CORP.,

Counter-Defendant.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## 2. DEFINITIONS

2.1 **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, managing agents, and outside counsel (and their support staff).

2.2 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 **"Confidential" Information or Items:** "Confidential" Information or Items means: (1) information in which the Designating Party has a cognizable interest as a trade secret, as that term is defined by the Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d); and (2) other information that the Designating Party believes in good faith is private, confidential or proprietary such that disclosures would likely cause harm to the Designating Party, its employees, or its customers.

    2.4    **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5    **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6.    **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    2.7    **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential."

    2.8    **Counsel:** attorneys retained to represent or advise a Party in this action.

    2.9    **House Counsel:** attorneys who are employees of a Party.

    2.10    **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.11    **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

PDF created with pdfFactory trial version www.pdffactory.com

order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1  **Mistake in Designations:**  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  **Manner and Timing of Designations.**  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "Confidential" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "Confidential" legend at the top or bottom of each page that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

PDF created with pdfFactory trial version www.pdffactory.com

proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "Confidential," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."

5.3   **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   **Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   **Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  The challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may seek judicial

PDF created with pdfFactory trial version www.pdffactory.com

intervention only if it has engaged in this meet and confer process first.

      6.3    **Judicial Intervention.**  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party during the meet and confer process.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    **Disclosure of "Confidential" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

      (a)    Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

PDF created with pdfFactory trial version www.pdffactory.com

    (c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  professional vendors, including but not limited to court reporters and document reproduction and imaging vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)  the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The

PDF created with pdfFactory trial version www.pdffactory.com

1  Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its
2  confidential material - and nothing in these provisions should be construed as authorizing or
3  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### 10. FILING PROTECTED MATERIAL.

All Protected Material that is submitted to the Court shall be provisionally lodged with the Court in appropriately sealed containers on which shall be endorsed the title of the action to which it pertains, and indication of the nature of the contents of the sealed container, and the appropriate designation of the documents.  The party seeking to seal provisionally lodged Protected Material shall bring a noticed motion pursuant to California Rule of Court 243.1 for a court order to seal all information so designated.  It is agreed that the parties' respective motions to seal records shall not be opposed be either party absent a good faith belief on the part of the party opposing the motion that documents or records should not be sealed under California Rule of Court 243.1.  A copy of this Stipulated Protective Order shall be submitted with the lodged materials.  Any decision not to oppose a motion to seal information shall not operate as an admission that the information requested to be filed under seal contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of private or confidential information.

### 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

PDF created with pdfFactory trial version www.pdffactory.com

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

**12.   MISCELLANEOUS**

12.1   **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

PDF created with pdfFactory trial version www.pdffactory.com

Dated: September 19, 2006      By:  /s/ Andrew K. Gordon
                                    Andrew K. Gordon
                                    Eden E. Anderson
                                    Attorneys for Plaintiff and Counter-Defendant
                                    CORNERSTONE INDUSTRIES CORPORATION and
                                    Counter-Defendant DAN HESS


Dated: January 23, 2007        By:  /s/ C. Russell Georgeson
                                    C. Russell Georgeson
                                    Attorney for Defendants and Counter-Claimants
                                    BYRON COOPER and IRONCLAD INDUSTRIES,
                                    INC. d.b.a. IRONCLAD INDUSTRIAL COATINGS


PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED:  2/9/2007


                                              /s/ Sandra M. Snyder

                                              The Honorable SANDRA M. SNYDER

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type company name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Cornerstone Industries Corp. v. Byron Cooper, Ironclad Industries, Inc. dba Ironclad Industrial Coatings, and Does 1 through 20, Inclusive*, Case No. 1:06 CV-00608-OWW-SMS.  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER

12

PDF created with pdfFactory trial version www.pdffactory.com